**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois Corporation, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiff, | ) ) ) | 11-cv-7035 Judge Gottschall |
| v. | ) ) | |
| GLOBAL HEALTHCARE RESOURCE, LLC, and Does 1-3, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO AMEND THE PROPOSED CLASS DEFINITION**

NOW COMES Plaintiff Florence Mussat, MD., S.C., and Illinois Corporation, by and through its Counsel, and Motions this Honorable Court for leave to Amend the Proposed Class Definition as asserted in the Amended Complaint and the Amended Class Certification Motion.

In support of this Motion, Plaintiff states:

**BACKGROUND**

On July 13, 2012, Plaintiff filed its motion for class certification defining three identical proposed classes, one each, under the TCPA, Illinois Consumer Fraud Act and for Conversion. (Plt. MTN for Class Cert., Doc. 38, p. 2). On September 25, 2012, Defendant filed its Response in Opposition to Class Certification, arguing in part that Plaintiff's use of the word "sent" in the proposed definition was unworkable and that the word "received" should have been used. (Def. Resp. in Opp., Doc. 45, p.12). Defendant also argued that based on the evidence presented by Plaintiff that, "should the Court grant Plaintiff's Motion, this Court should limit Plaintiff's class to only those individuals who

received faxes from Defendant on February 4, 2011, and not the entire month of February 2011[.]" (Id., p. 13).

Plaintiff, via a sample has provided by a preponderance of evidence that Defendant's prohibited conduct of manually faxing the subject junk fax occurred on February 4, 2011 and February 7, 2011, and that the subject form fax was received by 87 persons. (Plt. Class Memo., Doc. 41, pp. 3-5, 8-9; Plt. Class Reply, Doc. 46, pp. 1-8).

Plaintiff proposes the following Amended Class Definition[1]:

> (a) all persons with a fax machine (b) who on February *4*, 2011, *or February 7, 2011* (c) *received* at least one fax by or on behalf of Defendant Global Healthcare Resource, LLC doing business under the name Physician Billing Services promoting Physician Billing Services in the form of <u>Exhibit A</u> (d) with respect to whom Defendant did not have prior express permission or invitation for the sending of such fax or faxes according to Defendant's records and (e) with whom Defendant did not have an established business relationship.

**ARGUMENT**

Plaintiff's proposed amendment to the class definition is similar to other Telephone Consumer Protection Act certified classes in which a very narrow time period was defined as follows:

> [A]ll persons and entities who on November 1, 2005 and/or November 9, 2005 received a fax stating, 'We Love To Serve You at Cy's Crabhouse,' listing Cy's Crabhouse, 301 N Milwaukee Ave Buffalo Grove, IL.

*CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 143 (N.D. Ill. 2009) (Kennelly, J).

> All persons that: (1) on or about December 6, 2004, December 22, 2004, January 19, 2005, February 2, 2005, February 23, 2005, April 14, 2005, or January 26, 2006; (2) were sent one (or more) faxes identifying the website

---

[1] The **bolded** text represents the proposed amendment to the proposed class definition.

2

>www.tfmshow.com and 'The TFM Show'; and (3) had not previously consented to receiving such advertisements.

*G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 * 16-17 (N.D. Ill. Feb. 25, 2010) (Darrah, J).

>All persons who, on or about October 6-7, 2005, were sent faxes in the form attached as Exhibit 1 [the Finish advertisement] on behalf of defendant Finish Thompson promoting its goods or services for sale. *Id.* at * 20-21.

*G.M. Sign, Inc. v. Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869 * 20-21 (N.D. Ill. Aug. 20, 2009) (Kendall, J).

>All persons or entities who: 1), on or about 9/27/2006, 10/5/2006, 10/20/2006, 10/26/2006, 11/02/2006, 11/29/2006. 6/20/2007, or 6/22/2007, were sent a fax from Defendant offering cleaning services and listing 773-388-9200 as the telephone number to "call for a Free Estimate; 2) owned or paid for some portion of the operation of the machine on which the fax was received; and 3) had not previously consented to receiving such advertisements.

*Green v. Serv. Master on Location Servs. Corp.*, 2009 U.S. Dist. LEXIS 53297 * 10-11 (N.D. Ill. June 22, 2009) (Hibbler, J)

>[P]ersons or entities who (1) received, on a telephone facsimile machine, a fax transmitted on February 23 or March 29, 2005, that advertised mortgage refinancing or debt consolidation loan programs and that instructed the recipient to 'Call the experts for a free analysis' at '1-877-907-SAVE' or '1-877-489-8777' or '1-410-349-4220,' (2) owned and/or paid for some portion of the operation of the machine on which the fax was received, and (3) had not previously consented to receiving such advertisements.

*G.M. Sign, Inc. v. Franklin Bank, S.S.B.,* 06 C 79827, 2008 U.S. Dist. LEXIS 79827 * 18-19 (N.D. Ill. Aug. 20, 2008) (Kocoras, J.).

A court is not limited to approving the definition asserted in the complaint. *Pavone v. Aegis Lending Corp.,* 05 C 5129, 2006 U.S. Dist. LEXIS 62157 * 2-3 n. 1 (N.D. Ill. Aug. 31, 2006)(Aspen, J.) (approved a class where in the class certification motion itself the plaintiff amended a statewide class to only include persons within two

3

counties of the state.).  Courts can *sua sponte* amend the class definition. *E.g. Saf-T-Gard Int'l v. Vanguard Energy Servs.*, 12 C 3671, 2012 U.S. Dist. LEXIS 174222 * (N.D. Ill. Dec. 6, 2012) (Gottschall, J).

Rule 15(a) provides that after a responsive pleading is filed, a party may amend his pleading, "only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires."  FED. R CIV. P. 15(a); *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 01 C 4366, 2003 U.S. Dist. LEXIS 2278 (N.D. Ill. Feb. 12, 2003).  Rule 15(a) provides that leave to amend shall be freely given when justice so requires after a responsive pleading has been filed.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court has not ruled on Plaintiff's Motion for Class Certification and under Rule 23 may modify the class definition as the Court deems proper.  Finally, Defendant will not be prejudiced by this motion, it has the effect of reducing Defendant's potential liability.

## CONCLUSION

WHEREFORE, Plaintiff requests this Honorable Court to allow an amended class definition, for each of the three asserted class definitions, in the current complaint and in its motion class certification to be submitted as follows:

(a) all persons with a fax machine (b) who on February 4, 2011, or February 7, 2011 (c) received at least one fax by or on behalf of Defendant Global Healthcare Resource, LLC doing business under the name Physician Billing Services promoting Physician Billing Services in the form of <u>Exhibit A</u> (d) with respect to whom Defendant did not have prior express permission or invitation for the sending of such fax or faxes according to Defendant's records and (e) with whom Defendant did not have an established business relationship.

       Respectfully submitted,

       s/ Curtis C. Warner
         Curtis C. Warner

Curtis C. Warner        cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
1400 E. Touhy Ave.
Suite 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)