IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois Corporation, individually and on behalf of a class, | ) ) ) 11-cv-7035 ) ) Magistrate Soat Brown |
| Plaintiff, | ) ) |
| v. | ) ) |
| GLOBAL HEALTHCARE RESOURCE, LLC, | ) ) |
| Defendant. | ) |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER coming before the Court is on the issue whether the Class Settlement Agreement ("Agreement") between Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation, ("Plaintiff" or "Class Representative"), on behalf of itself and each of the Class Members as defined herein and Global Healthcare Resource, LLC ("Defendant"), collectively (the "Parties") should be finally approved. The Court has carefully reviewed the Memorandum for Final Approval of Class Action Settlement, and is otherwise fully advised in the premises. Final approval of the Class Action Settlement is unopposed by Defendant.

By an Order of Preliminary Approval Docket No. 114, entered July 26, 2013, the Court preliminarily approved the proposed Settlement Agreement by the Parties, subject to further consideration at the Final Settlement and Fairness Hearing.

In its Order of Preliminary Approval, the Court approved the settlement of a class that was previously certified by the Court on March 13, 2013. The three classes certified by the Court are as follows:

(a) all persons with a fax machine (b) who on February 4, 2011, or February 7, 2011 (c) received at least one fax by or on behalf of Defendant Global Healthcare

Resource, LLC doing business under the name Physician Billing Services promoting Physician Billing Services medical billing services (d) whom Defendant did not have prior express permission or invitation for the sending of such fax or faxes according to Defendant's records and (e) with whom Defendant did not have an established business relationship.

The Court also ordered that within twenty-eight (28) days after the date on which the Preliminary Approval Order was entered by the Court that the Notice of Proposed Settlement and the right to opt out or object was to be faxed to each class member to which the parties have agreed are a member of the certified class.

The Court having held a hearing on the fairness of the Settlement Agreement after due notice and the opportunity for any objections to the Settlement Agreement to be heard and the Court fully advised in the premises, the Court finds as follows:

This Court has preliminarily approved a class and affirms that the three classes are defined as:

(a) all persons with a fax machine (b) who on February 4, 2011, or February 7, 2011 (c) received at least one fax by or on behalf of Defendant Global Healthcare Resource, LLC doing business under the name Physician Billing Services promoting Physician Billing Services medical billing services (d) whom Defendant did not have prior express permission or invitation for the sending of such fax or faxes according to Defendant's records and (e) with whom Defendant did not have an established business relationship.

II.   In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and Right to Opt Out satisfied the requirements of Due Process. The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members by sending a fax to the fax number of the class member as in Defendant's records. The Court finds that Notice of the Settlement was timely sent in accordance with the terms of the Court's Preliminary Approval Order. The Court also finds that CAFA notice was timely and properly issued.

III.   Zero (0) Class Members have submitted a notice of opting-out.

IV. Zero (0) Class Members have filed objections to the Settlement Agreement.

V. The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

**IT IS HEREBY ORDERED:**

1. The Settlement Agreement between the Defendant and Plaintiffs, individually and on behalf of the Class Members defined in the settlement class, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable and adequate.

2. On the "Effective Date" the releases contained in the Agreement shall take effect. The releases agreed by the parties is as follows:

> Plaintiff and the Class Members shall be deemed to have, and by operation of the Final Approval Order defined below shall have, fully, finally and forever released, relinquished and discharged any and all claims under the TCPA, ICFA and conversion alleged in the Complaint as Amended ("Released Claims") and releases Defendant and its associated businesses, including Does 1-3, insureds, agents, principals, partners, joint ventures, employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest, collectively ("Released Parties"). Upon the Effective Date, Plaintiff and the Class Members also shall be deemed to have, and shall have, waived as to the Released Parties any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to the TCPA or ICFA. Plaintiff acknowledges that it may discover facts in addition to or different from those that it now knows or believe to be true with respect to the subject matter of this release, but that it is its intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph. It is Expressly stated that this is not a waiver of any of Plaintiff's claims or rights that may arise after the Effective Date.

3. The Defendant shall cause the Settlement Checks to be issued to each Participating Class Member with 14 days of the "Effective Date" set forth in the Settlement Agreement.

4. In preliminary approving the parties' Agreement this Court approved of an award of $12,000 to Plaintiff for its damages and as an incentive award to be paid out of the settlement fund. Notice of the potential award was disclosed in the Notice to the Class. Zero (0) objections to awarding the Plaintiff $12,000 has been received. The Court hereby awards Plaintiff twelve thousand dollars ($12,000) for its damages arising and as an incentive award for serving as the class representative. The Defendant shall cause the above payment to be issued to Plaintiff within 14 days of the "Effective Date" set forth in the Settlement Agreement.

5. In preliminary approving the parties' Agreement this Court approved of an award of attorney's fees and costs in an amount of 1/3 of the $75,000 common fund or Plaintiff's counsel's *Lodestar* amount for attorney's fees plus reasonable costs, whichever amount is greater. The Court has reviewed Plaintiff's request for attorney's fees and costs. Zero (0) objections to Plaintiff's request for the Court to award attorney's fees and costs in an amount of 1/3 of the $75,000 common fund or Plaintiff's counsel's *Lodestar* amount for attorney's fees plus reasonable costs, whichever amount is greater has been received. The Court hereby awards Class Counsel's $24,800 as reasonable attorney's fees and $1,577.15 as reasonable costs, $26,397.15 in total. The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

6. All checks issued to Class Members shall be void forty-five (45) days after the date of issuance.

7. Within 14 (fourteen) days from the Void Date of the Settlement Checks, Defendant may cause any amounts not claimed from the common fund as a reversion.

8. This Court retains jurisdiction over this litigation for the purpose of implementing and enforcing the Settlement Agreement, the terms of the Agreement, and this Order, for a

period of seventy-five (75) days after the "Effective Date". This Court retains exclusive jurisdiction over Defendant, Plaintiffs, and all Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising our of or relating to the enforcement and applicability of this Order and the Agreement.

10. This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

11. This Lawsuit is hereby dismissed without prejudice and without costs or attorney's fees (except as otherwise provided herein) and that on a date that is seventy-five (75) days after the "Effective Date" this dismissal shall become a dismissal with prejudice and without costs or attorney's fees (except as otherwise provided herein).

DATE: November 1, 2013

ENTERED: _____
Hon. Geraldine Soat Brown
United States Magistrate Judge